UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JALEN HOLMES,

|                          |                    |
|--------------------------|--------------------|
|              Plaintiff,  | 9:25-CV-1139       |
|                          | (ECC/DJS)          |
|       v.                 |                    |
| MICHEAL GARDNER, Correction Officer, et al., | |
|              Defendants. |                    |

---

APPEARANCES:                                OF COUNSEL:

JALEN HOLMES
Plaintiff pro se
22-B-5190
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

HON. LETITIA JAMES                          SHAWN C. GRAHAM, ESQ.
New York State Attorney General
300 South State Street - Suite 300
Syracuse, NY 13202
Attorney for Defendants

ELIZABETH C. COOMBE
United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

Pro se plaintiff Jalen Holmes ("plaintiff") commenced this action pursuant to 42 U.S.C.

§ 1983 asserting claims arising out of his confinement in the custody of the New York State

Department of Corrections and Community Supervision ("DOCCS") at Mid-State Correctional

Facility ("Mid-State C.F.").  *See* Dkt. No. 1 ("Compl.").  Plaintiff, who was incarcerated when

he filed the action, also filed a request to proceed in forma pauperis ("IFP").  Dkt. No. 4 ("IFP Application").

In a Decision and Order filed on October 27, 2025 (the "October 2025 Order"), the Court granted plaintiff's IFP Application and reviewed the complaint for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 14.  The Court directed defendants Micheal Gardner ("Gardner"), Steven Hark ("Hark"), and Thomas Delmar ("Delmar") to respond to First Amendment retaliation claims and Eighth Amendment conditions-of-confinement claims.  *Id*. at 13.

Presently before the Court is plaintiff's motion for preliminary injunctive relief.  Dkt. Nos. 18 and 23.  For the reasons set forth below, plaintiff's motion is denied.

## II.   MOTION FOR A PRELIMINARY INJUNCTION

### A.  Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.' " *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory preliminary injunction that

2

alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts*., 598 F.3d at 35 n.4 (internal quotation marks omitted).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm.  *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996).  However, "[i]rreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir.), *cert. dismissed sub nom. Allergan PLC v. N.Y. ex. rel. Schneiderman*, 136 S. Ct. 581 (2015) (citation and internal quotation marks omitted). Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted); *see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff).  "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal

judiciary in the management of state prisons." *Fisher v. Goord*, 981 F.Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

As plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success or show that extreme or very serious damage would result in the absence of the requested relief. *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 34 (2d Cir. 1995). Plaintiff's motion is denied for the following reasons.

### B. Analysis

Plaintiff alleges that defendants are denying plaintiff "2 meals a day," in retaliation for filing grievances. Dkt. No. 18 at 3, 6. As a result, plaintiff is "losing a lot of weight," suffering a mental health crisis, and his "back pain" is "enhanced." *Id.*

Plaintiff seeks an order directing defendants: (1) to provide "the appropriate condition of confinement to the plaintiff to restore his sanity and weight lost;" (2) to arrange for the plaintiff['s] weight to be checked by a provider; (3) to obtain a "proper evaluation" from the Office of Mental Health ("OMH"); and (4) to transfer plaintiff to general population or to "another stepdown program/RRU." Dkt. No. 18 at 1.

"[I]f the plaintiff's accusations of continuing denial of food and medical attention are true, irreparable harm is satisfied for purposes of this motion." *Whitehead v. Departments of Corr. of City of New York*, No. CV-90-2725, 1990 WL 186229, at *1–2 (E.D.N.Y. Nov. 9, 1990) (citation omitted). However, "request[s] for injunctive relief must be supported by evidence, as opposed to mere allegations, showing that the alleged irreparable harm is imminent." *Hall v. Annucci*, No. 19-CV-5521, 2021 WL 4392526, at *14 (S.D.N.Y. Sept. 24,

2021) (citing *inter alia Perkins v. Rock*, No. 12-CV-1269, 2013 WL 4781762, at *2 (N.D.N.Y. Sept. 5, 2013) (noting that a plaintiff's request for preliminary injunctive relief was appropriately denied where the plaintiff's allegations of harm were "purely speculative" and unsupported "by any evidence, such as exhibits, medical reports, affidavits from other inmates, or any other proof")).

Here, plaintiff has not provided proof demonstrating the likelihood of future harm. The motion lacks any evidentiary support for the claim that plaintiff is being denied two meals a day, medical or mental health treatment, or any evidence related to his medical condition or sick call requests for weight loss or back pain. Moreover, plaintiff has not specified when and how often he was denied meals, medical treatment, or mental health treatment, who denied plaintiff meals or treatment, or any substantive facts surrounding those incidents.

The Court notes that plaintiff attached exhibits to his motion. *See* Dkt. No. 18 at 10-20. However, these documents do not support his claims or requests for relief. Indeed, the documents contradict his claims. For example, the memoranda from the Program Management Team indicate that plaintiff exhibited "poor behavior," "refused direct orders during chow," threw food, obstructed the visibility in his cell, and attempted to assault a staff member. Dkt. No. 18 at 10, 12. Moreover, while plaintiff provided copies of five grievances, four of the grievances are unrelated to the issues raised in the motion. *See id*. at 16-20.

The only document that relates to the issues raised in the motion is a handwritten grievance, dated October 22, 2025, with complaints that Gardner is denying plaintiff food "1 to 2 times a day." Dkt. No. 18 at 15. This document was not stamped by the facility or otherwise acknowledged by the facility and contains nothing more than conclusory, unsupported allegations. Further, the grievance lacks any information related to the date,

time, and frequency within which plaintiff was denied meals. *See Zielinski v. Annucci*, No. 9:17-CV-1042 (DNH/TWD), 2020 WL 6866405, at *5 (N.D.N.Y. Nov. 23, 2020) (noting that the denial of two meals over a span of two and a half weeks, without any accompanying evidence that these missed meals created an immediate danger to plaintiff's health or well-being did not present an objectively serious deprivation of a basic human need) (citations omitted).

Because plaintiff has not provided any documentation, exhibits, or any other evidence to support his claims, his concerns are "unsubstantiated" and "speculative" and cannot form the basis for injunctive relief. *Louis v. Morley*, No. 22-CV-10094., 2024 WL 4573677, at *3 (S.D.N.Y. Oct. 24, 2024) "[The court cannot simply order adequate medical care or constitutional conditions of confinement, because '[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.' " *Smith v. Halstead*, No. 7:24-CV-6855, 2024 WL 4389284, at *3 (S.D.N.Y. Oct. 3, 2024) (citation omitted). Moreover, plaintiff's allegations related to defendants' refusal to "test for cancer" amount to nothing more than a disagreement over the course of treatment, and cannot form the basis for a colorable § 1983 claim. *See Tolbert v. Koenigsmann*, No. 9:13-CV-1577 (LEK/DEP), 2016 WL 3349317, at *4 (N.D.N.Y. June 15, 2016) (denying request for preliminary injunctive relief based upon the plaintiff's "issues" with the defendants' medical judgment).

"[P]ast allegations of misconduct stated in plaintiff's complaint, standing alone, are insufficient to support a finding of irreparable harm." *Haden v. Hellinger*, 2016 WL 589703, at *1 (N.D.N.Y. Feb. 11, 2016). Accordingly, plaintiff's motion for preliminary injunctive relief (Dkt. No. 18), is denied without prejudice. *See Hall*, 2021 WL 4392526, at *14 (noting that if the plaintiff wishes to renew his request for injunctive relief, he should provide the Court with

6

medical records, affidavits, or other documentary evidence in support of his theory that the defendants' actions presented a risk of irreparable harm).[1]

### III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: April 7, 2026

Elizabeth C. Coombe
U.S. District Judge

---

[1] Plaintiff is free to pursue claims against the individuals responsible for the alleged wrongdoing through DOCCS' administrative procedures and, if necessary, by means of a properly filed action.

7